

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2006

# USA v. Ortiz

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3006

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Ortiz" (2006). *2006 Decisions.* Paper 216.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/216

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3006
_____

UNITED STATES OF AMERICA

v.

MARGARITA ORTIZ,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00801-9)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
on September 28, 2006

Before: RENDELL, ROTH, GIBSON*, <u>Circuit Judges</u>.

(Filed:  November 9, 2006)

_____

OPINION OF THE COURT
_____

_____

* Honorable John R. Gibson, Judge of the United States Court of Appeals for the
Eighth Circuit, sitting by designation.

RENDELL, Circuit Judge.

Margarita Ortiz was charged in a two-count indictment of conspiring to distribute, and possessing with intent to distribute, one kilogram or more of heroin, in violation of 21 U.S.C. § 846. She pled guilty and entered into a plea agreement in which she agreed that approximately 600 grams of heroin was distributed in furtherance of the joint criminal activity undertaken by her and her co-conspirators. The parties also agreed that she had demonstrated acceptance of responsibility for her offense, and was eligible for a two-level downward adjustment.

Ortiz failed, without explanation, to appear for her sentencing hearing, and she was subsequently arrested in New York City after a bench warrant has been issued for her arrest. Thereafter, when she appeared for sentencing, the District Court ruled that she would not be characterized as a minor or minimal participant under section 3D1.2 of the guidelines, nor did she qualify for acceptance of responsibility, since she had not appeared at her sentencing hearing. The District Court found that the guideline range was 78 to 97 months, and sentenced her to 78 months' incarceration. Ortiz filed a pro se notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Counsel has filed a brief on appeal pursuant to Anders v. California, 386 U.S. 738 (1967), indicating that there are no non-frivolous issues for appeal. Ortiz was notified of her right to file a pro se brief but has not done so. Counsel has also sought permission to withdraw, and we will grant that motion in a separate order.

2

In her plea agreement Ortiz waived her right to appeal unless the judge sentenced her above the statutory maximum or departed upward otherwise from the applicable guideline range. Neither of these conditions apply.

Ortiz did not request leave to withdraw her plea, nor has she indicated that it was involuntary or unknowing. Further, after reviewing the record, counsel concluded that procedures required for a guilty plea had been followed, and we agree with that conclusion.

There can be no argument that the waiver was ineffective, nor are there any facts from which we could conclude that this is a situation in which the waiver should not be enforced as part of the plea agreement. <u>See</u> U.S. v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001).

Accordingly, we will dismiss the appeal.

_____